## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEXANDER RUFFIN,<br><br>Defendant. | Case No. 2:18-cr-151 |

## OPINION & ORDER

Before the Court is Defendant Alexander Ruffin's Motion for Compassionate Release. ECF No. 40. For the reasons stated below, the motion is **DENIED.**

## I.   BACKGROUND

On October 5, 2018, Defendant Ruffin pleaded guilty to one count of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(c), and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 20 at 1; ECF No. 31 at 1.

The defendant's advisory sentencing guidelines range was 120 to 150 months. ECF No. 32 at 1 (SEALED). On January 31, 2019, the Honorable Henry Coke Morgan, Jr., to whom this case was previously assigned, sentenced the defendant to 96 months of incarceration on each count to be served concurrently and five years of supervised release. ECF No. 31.[1]

---

[1] On August 2, 2018, the defendant appeared in state court for an alleged probation violation. ECF No. 23 ¶ 44. He was sentenced to eight years of incarceration in the Virginia Department of Corrections with seven years and six months suspended. *Id.* The defendant has not yet served the suspended six months, which are to run consecutively. *Id.*; ECF No. 27 at 12. In addition, the Honorable Rebecca Beach Smith

The defendant filed a *pro se* motion for compassionate release on September 21, 2020. ECF No. 37. In the motion, the defendant asked the Court to consider transferring him to home confinement or releasing him due to the COVID-19 pandemic. *Id.* at 1–4. The case was then reassigned to the Honorable Roderick C. Young, who ordered the appointment of the Federal Public Defender ("FPD") and directed FPD to file a supplemental motion for compassionate release. ECF No. 38 ¶¶ 1–2. Through counsel, the defendant filed a motion for compassionate release on April 23, 2021. ECF No. 40. The government filed a response in opposition on May 7, 2021. ECF No. 41. This case was next reassigned to the Honorable Elizabeth W. Hanes on October 5, 2022, and then to this Court on March 17, 2023.

## II. LEGAL STANDARD

### A. Exhaustion

Before the court may consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must exhaust their administrative rights to appeal the Bureau of Prisons' ("BOP") failure to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant requested relief from the warden of their facility, the defendant may file a motion with the court as though they had exhausted their administrative remedies. *Id.*; *see*

---

found the defendant in violation of his supervised release and sentenced him to a term of 18 months of incarceration, to run consecutive to any other state or federal sentence, including the instant case. SRV Violation Order, at 2, *United States v. Ruffin*, No. 2:11-cr-147, (E.D. Va. Nov. 16, 2018). Thus, the defendant received an additional 24 months of incarceration for the same underlying offense conduct and was sentenced to a total term of incarceration of 120 months in the instant case. ECF No. 32 at 3 (SEALED).

*United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (clarifying that defendants may satisfy the exhaustion requirement by waiting 30 days from the date of their initial request to file a motion in the district court, even if the warden has already responded to their request). The exhaustion requirement "is a non-jurisdictional claim-processing rule" and therefore "may be waived or forfeited." *Muhammad*, 16 F.4th. at 130.

    **B.**    **Merits**

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the sentencing factors in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *See United States v. Hargrove,* 30 F.4th 189, 194 (4th Cir. 2022). The overarching purpose of the compassionate release mechanism guides district courts' consideration:

> When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

*Id.* at 197. Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors in section 3553(a). *E.g.*, *United States v. Ogun*, No. 4:12-cr-4, 2023 WL 2207114, at *7

3

(E.D. Va. Feb. 24, 2023); *United States v. Nurani*, No. 2:11-cr-34-3, 2023 WL 2058649, at *3 (E.D. Va. Feb. 16, 2023).

### ***i.    Extraordinary & Compelling Reasons***

The Court may reduce a prisoner's sentence under § 3582(c)(1)(A)(i) if it finds "extraordinary and compelling reasons" to do so. The prisoner bears the burden of demonstrating such reasons. *See Hargrove*, 30 F.4th at 195.

The Sentencing Commission has promulgated a policy statement, U.S.S.G. § 1B1.13, which attempts to define what may constitute "extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The Sentencing Commission recently amended the policy statement. Effective November 1, 2023, the amended policy statement provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence:

> (1) the medical circumstances of the defendant, U.S.S.G. § 1B1.13(b)(1);
>
> (2) the age of the defendant, U.S.S.G. § 1B1.13(b)(2);
>
> (3) family circumstances of the defendant, U.S.S.G. § 1B1.13(b)(3);
>
> (4) whether the defendant was a victim of abuse while incarcerated, U.S.S.G. § 1B1.13(b)(4);
>
> (5) "other reasons," U.S.S.G. § 1B1.13(b)(5); or
>
> (6) an unusually long sentence, if the defendant meets certain conditions, U.S.S.G. § 1B1.13(b)(6).

As amended, the policy statement provides that extraordinary and compelling reasons exist, in the medical/health context, in three circumstances. First, where:

> The defendant is suffering from a terminal illness . . . serious physical or medical condition . . . serious functional or cognitive impairment . . . [or] deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(A–B). Second, where:

> The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(C). And third, where:

> . . . (i) The defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D)(i–iii).

### ii.     18 U.S.C. § 3553(a) Factors

After completing the "extraordinary and compelling reasons" analysis, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mumford*, 544 F. Supp. 3d 615, 618. Even if the Court finds extraordinary and compelling reasons to reduce a petitioner's sentence, the Court may ultimately deny a motion for compassionate release if its analysis of the 18

U.S.C. § 3553(a) factors counsels against release. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022) (The "court has discretion to grant or deny relief based on . . . the salient § 3553(a) factors."). Those factors are:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established [by the Sentencing Commission];

    (5)    any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. ANALYSIS

#### A. Exhaustion

The Court finds that the defendant has satisfied the exhaustion requirement. The defendant submitted a request for compassionate release to the warden of his BOP facility on June 10, 2020. ECF No. 40-1 at 3. The warden denied his request on June 16, 2020. *Id.* at 2. The parties agree that the defendant has satisfied the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 41 at 2.

#### B. Merits

The defendant argues that his (1) susceptibility to COVID-19 illness due to his substance abuse disorder and race, alongside his (2) rehabilitation efforts, are extraordinary and compelling reasons that warrant a reduction in his sentence to time served. ECF No. 40 at 5, 10, 18. For the reasons stated below, the Court finds that none constitute extraordinary and compelling reasons justifying his release.

##### *i. Extraordinary & Compelling Reasons*

###### *a. COVID-19*

With respect to release due to COVID-19, the defendant must first show that his prison facility is at "imminent risk of being affected" by the virus. U.S.S.G § 1B1.13(b)(1)(D)(i). This requirement has not been met. The defendant is housed at

FCI Bennettsville.[2] As of July 12, 2024, the BOP has reported that 55.1% of FCI Bennettsville inmates are fully inoculated against COVID-19.[3]

There are currently three open cases of COVID-19[4] and the federal public health emergency has ended.[5] In March 2023, BOP reported two inmate deaths due to COVID-19 complications. *See United States v. Farley*, No. 5:20-cr-00018, 2023 WL 2544328, at *1 n.1 (W.D.N.C. 2023) (discussing BOP's COVID-related statistics for FCI Bennettsville). But to date, there have been no additional COVID-related deaths. Accordingly, the defendant has not met the first requirement.

The second requirement, that the defendant's personal health risk factors place him at an increased risk of suffering severe medical complications or death, is also not met. The defendant contends that his previous substance abuse and his race increase his susceptibility to COVID-19 illness. ECF No. 40 at 10–11. Although it is

---

[2] At the time the parties filed their briefs, the defendant was apparently housed at FCI Beckley. *See* ECF No. 45 at 1. But now, according to the BOP database online, he is housed at FCI Bennettsville. *See* BOP, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited July 16, 2024). There is a low incidence of COVID-19 at both facilities. *See* BOP, *Inmate COVID-19 Data*, https://perma.cc/W9F8-5TS8 (last visited July 12, 2024) (noting that FCI Beckley, cited as "BEC" has "0 Open Cases" and "Covid-Related Deaths" while FCI Bennettsville, cited as "BEN," has "3 Open Cases" and "2 Covid-Related Deaths"). Therefore, the Court's analysis if the defendant were still housed at FCI Beckley would be the same.

[3] *See* BOP, *Inmate COVID-19 Data*, https://perma.cc/W9F8-5TS8 (last visited July 12, 2024).

[4] *Id.*

[5] *See* Ctrs. for Disease Control and Prevention, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, https://perma.cc/AW8K-6AZF (last visited July 16, 2024) ("May 11, 2023, marks the end of the federal COVID-19 PHE declaration.").

8

true that substance abuse disorders have serious implications on an individual's health, it is not a medical condition that the CDC recognizes as placing an individual at a higher risk.[6] Rather, the CDC categorizes substance abuse disorder as a suggestive higher risk, indicating a lack of either a published meta-analysis or systemic review.[7] Accordingly, the defendant's underlying risk of substance abuse disorder does not weigh in favor of an extraordinary and compelling reason for early release.[8] ECF No. 40-2 at 1.

The defendant also avers that as an African-American, he is more likely to suffer complications from COVID-19. ECF No. 40 at 10. While it is true that "people from racial and ethnic minority groups" are at increased risk of serious illness and death from COVID-19,[9] "most courts have decided that race . . . is not an

---

[6] *See* CDC, *Underlying Medical Conditions*, https://perma.cc/2V74-ZPGB (last visited July 15, 2024).

[7] *Id.*

[8] Even if substance abuse disorder was considered high risk, the defendant's claim would still fail because he is fully vaccinated against COVID-19. ECF No. 40-2 at 1. Courts have determined that underlying conditions within the "higher risk" category, a category of risks demonstrating a conclusive increase in severe COVID-19 illness, are usually insufficient to count as extraordinary and compelling reasons justifying early release when the individual is vaccinated. *See United States v. Davis*, 99 F.4th 647, 656 (4th Cir. 2024) (finding that the district court did not abuse its discretion when determining that the defendant's type-2 diabetes, *a CDC "higher risk" factor*, was insufficient for granting compassionate release, because the defendant was immunized) (emphasis added); *see also United States v. Brown*, 78 F.4th 122, 129 (4th Cir. 2023) (noting that the defendant's underlying risks of high blood pressure and obesity weren't extraordinary or compelling reasons for early release, in light of the defendant's refusal to become vaccinated against COVID-19).

[9] *See* CDC, *People with Certain Medical Conditions*, https://perma.cc/SA77-7SFJ (last visited July 15, 2024).

extraordinary and compelling reason for compassionate release." *United States v. Jackson*, No. 3:16-cr-6, 2022 WL 1178513, at *3 (E.D. Va. Apr. 20, 2022) (collecting cases). As the CDC has noted, the increased risk that has been observed in racial minority groups is the product of "[p]ersistent *health* disparities combined with historic housing patterns, work circumstances, and other factors."[10] In other words, "current evidence suggests a correlation, not causation." *United States v. Dimkpa*, No. 1:19-cr-443, 2020 WL 4754901, at *2 (M.D.N.C. Aug. 17, 2020). And there is no evidence in the record that the defendant is unable to access medical care at his facility. *See United States v. Leigh-James*, No. 3:15-cr-188, 2020 WL 4003566, at *8 (D. Conn. July 15, 2020) (noting that the CDC attributes "systemic health . . . inequities" to the rates of minority hospitalizations from COVID-19) (citation omitted).

Taken together, the defendant's asserted health conditions and demographic factors—including his substance abuse disorder and race—do not pose a particularized risk of serious illness from COVID-19.

Because the defendant has not met his burden in establishing that he is "housed at a correctional facility affected or at imminent risk of being affected" by either "an ongoing outbreak of infectious disease" or "an ongoing public health emergency" and that he is "at increased risk of suffering severe medical complications or death" because of "personal health risk factors," the defendant has not established

---

[10] CDC, *CDC COVID-19 Response Health Equity Strategy*, https://perma.cc/SE8V-EAD5 (last accessed July 16, 2024) (emphasis added).

an extraordinary and compelling reason justifying his release. U.S.S.G. § 1B1.13(b)(1)(D).[11]

### b. *Rehabilitation*

The defendant's record of rehabilitation does not constitute an extraordinary and compelling reason to reduce his sentence either. The Court acknowledges that the defendant has made considerable rehabilitative efforts. While incarcerated, the defendant has completed educational courses, engaged in drug and mental health treatment, *see* ECF No. 40-4 at 1, and indicated a desire to complete further courses before release. *See id.* at 2. These attempts at rehabilitation are commendable; however, the policy statement clarifies that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but rather "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Here, the defendant has not identified other circumstances that qualify as extraordinary and compelling reasons for a sentence reduction. Thus, his rehabilitation alone cannot justify his release.

### ii. *Sentencing Factors*

Even if the Court determined that the defendant had demonstrated extraordinary and compelling reasons for relief, the Court concludes that his motion would fail under its analysis of the factors enumerated in 18 U.S.C. § 3553(a).

---

[11] Because the defendant fails to meet his burden of establishing the first two requirements, the third requirement, timeliness in "adequately mitigat[ing]" the personal health risk factors, need not be addressed. U.S.S.G. § 1B1.13(b)(1)(D)(iii).

11

The "nature and circumstances of the offense" for which the defendant was convicted are serious. The defendant was attributed 7.07 grams of cocaine, 1.95 grams of cocaine base, 9.5 grams of fentanyl, and a firearm with a serial number that was "obliterated." ECF No. 23 ¶¶ 9, 12. The defendant received a two-point adjustment for possession of the firearm. *Id.* ¶ 20. Additionally, the defendant committed the instant offense while on supervised release. *Id.* ¶¶ 45, 48.

Given these facts, there is a need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

As to the "history and characteristics of the defendant" the Court is particularly influenced by the defendant's criminal history. That history is lengthy.[12] The defendant committed the instant offense after serving a 48-month sentence for a prior felony drug conviction. ECF No. 23 ¶ 45. This history suggests a lack of respect for the law that counsels against relief.[13]

---

[12] The defendant committed the instant offense at the age of 37. ECF No. 23 at 2, ¶ 6. His criminal history spans over two decades. At age 16, he was convicted and sentenced for Hit and Run, Reckless Driving, Assault and Battery. ECF No. 23 ¶¶ 32–33. At age 18, he was convicted for driving offenses, failing to appear and brandishing a firearm. *Id.* ¶¶ 37–38, 40–41. The next year, he was convicted and sentenced for Malicious Wounding and Use of a Firearm. *Id.* ¶ 44. At age 30, he was convicted and sentenced for Possession with Intent to Distribute Cocaine. *Id.* ¶ 45. Accordingly, the defendant is classified as a career offender, which carries an offense level of 32 and results in a criminal history category of VI. *Id.* ¶ 26–27.

[13] The defendant has argued that his designation as a career offender unduly inflated the sentencing guideline range for the instant offense. ECF No. 40 at 17. After reviewing the factors that impacted the sentence Judge Morgan imposed, the Court finds no reasons, and the defendant similarly provides no reasoning, as to why he should not have initially been given the designation.

The "kinds of sentences available" and the "sentencing range" also weigh against granting compassionate relief. The defendant's advisory guidelines range was 120 to 150 months. ECF No. 32 at 1 (SEALED). The defendant was sentenced to 96 months on Count 1 and 96 months on Count 2, to run concurrently, resulting in Judge Morgan varying downward from the sentencing guidelines range. ECF No. 29 at 1. When fashioning a sentence that was sufficient but not greater than necessary, Judge Morgan's 96-month sentence took into account the 24 months[14] of incarceration the defendant received for violating the terms of his supervised release. ECF No. 32 at 3 (SEALED). BOP projects that his release date is September 18, 2026.[15]

No single fact in the defendant's background—whether positive or negative—swayed the Court's determination as to the 18 U.S.C. § 3553(a) analysis, because the Court has—as it must—looked at the defendant's background as a whole, including whether the passage of time has changed the balance. However, after weighing the facts enumerated in 18 U.S.C. § 3553(a), the Court finds that sentence reduction is not warranted.

Because the defendant has not met his burden of demonstrating extraordinary and compelling reasons warranting a reduction in his sentence, and because the sentencing factors counsel against granting relief, the defendant's motion will be **DENIED.**

---

[14] *Supra* note 1.

[15] BOP, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited July 16, 2024).

## IV. CONCLUSION

For the foregoing reasons, Defendant Alexander Ruffin's Motion for Compassionate Release (ECF No. 40) is **DENIED.**

The Clerk is **DIRECTED** to forward copies of this Opinion & Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 17, 2024